UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DE'ANDRE HOPSON                                                    PLAINTIFF

v.                                             CIVIL ACTION NO. 3:12CV-770-H

SECRET SERVICE et al.                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, De'Andre Hopson, filed a *pro se*, *in forma pauperis* complaint.  This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 14 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues the Secret Service, the FBI, Adam Solinger, Gary Hoffman, Dana Cohen, Mitch McConnell, Susan Gibson, the Commonwealth's Attorney's Office, Weinburg Attorney at Law, Scott Miller, Dr. Harbetch at U of L Hospital, U of L Hospital, Jewish Hospital, Robert Eggart, Frank Mascagni, Charlie Cunningham, and Baptist East Hospital.  His complaint mentions 42 U.S.C. § 14141, 18 U.S.C. § 2441, "Whistle Blowing! Report on terrorist activitys and pyramid schemes!"  He alleges:

> U of L Hospital doctor has instored vaginal mesh inside of a person's face trying to kill me.  Also other named hospitals reused my treatment for help of torture.  All Defendants are of Jewish Foundation community and are building a terrorist cell around me to strip all civil libertys and rights as a U.S. American citizen, also connected with Hospitals giveing false repots on medical examinations about medical injuries.  All attorney are connected in web.  Weinburg attorneys at law has direct investment relations to these family orientated Jewish communities, all tampering wit[h] a witness under legal process.

Plaintiff also alleges that the Federal Reserve is using a Ponzi scheme to defraud the

government and to extort him into making false statements and using intimidation, murder, legal kidnapping, obstruction of justice, bribery, and "military tactics to take hostages of DeAndre's children in attempt to erase Hopson because of his religious beliefs as a Christian.  Also to silence Hopson from telling about the giant illegal pyramid designed to defraud U.S. financial institutions."

As relief, Plaintiff wants the Court to "warn Homeland Security of terrorist activity for starting a holy war[;] provide military court proce[]dures to protect public and president from harm"; protect all federal buildings from future terrorist attacks; give him his Thirteenth Amendment rights; and provide "injunctive relief in all state courts because of obstruction of justices terrorist Jewish cells around [him.]"  He also requests monetary and punitive damages and attorneys fees in the trillions of dollars.  He attaches what appears to be a definition of a terrorist cell; a list of what appears to be actions Defendant Weinberg has perpetrated on him including attempting to assassinate him, kidnapping his children, killing his sister, and sending agents to blow up his studio; and two other pages of handwritten notes, the import of which is lost on the Court.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Jurisdiction*

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As to possible federal-question jurisdiction, Plaintiff's complaint mentions 42 U.S.C. § 14141 and 18 U.S.C. § 2441.

Under § 14141(a) of title 42 of the U.S. Code:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any

3

> governmental agency with responsibility for the administration of
> juvenile justice or the incarceration of juveniles that deprives
> persons of rights, privileges, or immunities secured or protected by
> the Constitution or laws of the United States.

That statute only applies to juveniles, and it does not create a private cause of action. *CP, ex rel. Powell v. Tennessee*, No. 3:10-CV-126, 2010 WL 2598105, at *3 (E.D. Tenn. June 24, 2010). Instead, it allows only the Attorney General to bring a civil action to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 42 U.S.C. § 14141(b). As such, Plaintiff cannot bring a cause of action under this statutory section.

Section 2441 of title 18 of the U.S. Code, entitled "War crimes," makes it a crime to commit a war crime either inside or outside the United States. However, federal criminal statutes like this one do not create a private right of action. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003); *Swift v. Bush*, Civil Action No. 10-7388, 2011 WL 2517143, at *2 (E.D. Pa. June 23, 2011) ("Federal criminal statutes such as 18 U.S.C. § 2441 do not create a private right of action. "). Only a United States Attorney may "prosecute for all offenses against the United States." 28 U.S.C. § 547(1). Thus, Plaintiff fails to establish jurisdiction under this statute as well.

Nor can Plaintiff bring this suit based on diversity jurisdiction. Plaintiff resides in Louisville, Kentucky. It appears that most, if not all, Defendants are citizens of Kentucky. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v.*

4

*Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*).  While Plaintiff alleges an amount in controversy that exceeds the statutory requirement, he does not demonstrate that his citizenship is different from all of the named Defendants.  Thus, he fails to invoke this Court's diversity jurisdiction.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The Court finds that Plaintiff's allegations meet the standard set forth in *Apple v. Glenn*, and dismissal is appropriate for that reason as well.

### III. <u>CONCLUSION</u>

By separate Order, therefore, the Court will dismiss the action.  Before doing so, however, the Court will issue an Order to show cause why Plaintiff should not be barred from filing future lawsuits without tendering the $350.00 filing fee.

Date:

cc:       Plaintiff, *pro se*
4412.009

5