UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DE'ANDRE HOPSON                                                                                                    PLAINTIFF

v.                                                                                           CIVIL ACTION NO. 3:12CV-770-H

SECRET SERVICE et al.                                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's failure to respond to the show-cause order as to why he should not be barred from proceeding *in forma pauperis* in the future.

De'Andre Hopson is no stranger to this Court. At the time the Court entered its show-cause order, he had filed at least 19 separate actions in this Court. He has sought pauper status in all but one of these actions. Plaintiff filed an additional action after the entry of the show-cause order. All of the actions involve variations of the same subject matter, *e.g.*, that Plaintiff is being subjected to false state-court charges; that there are conspiracies against him in state court; that Ruth Spencer and attorney(s) fraudulently settled claims with Kentucky Farm Bureau having to do with medical claims after an assault; that Spencer has violated DVOs; that there is a Jewish-terrorist conspiracy; that there is a Ponzi scheme run by the Federal Reserve; and that there is obstruction of justice in state and federal court.

Mr. Hopson paid the fee in one of these cases, *Hopson v. Huffman*, 3:12-CV-262-S, and that case remains pending. The case involves allegations against no less than 63 Defendants. He has filed at least 27 motions and submitted at least ten amended complaints in that case.

In all the rest of his cases, Mr. Hopson has asked for and been granted leave to proceed *in*

*forma pauperis*.[1] Seven of these cases have undergone initial review and been dismissed: *Hopson v. Weinburg*, 3:12-CV-772-H (dismissed on initial review for failure to state a claim, for failure to satisfy the notice-pleading standard, and for lack of subject-matter jurisdiction); *Hopson v. Crash*, 3:12-CV-451-H (dismissed on initial review for failure to state a claim); *Hopson v. Ky. Bar Ass'n*, 3:12-CV-505-S (dismissed on initial review for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief); *Hopson v. Shakes*, 3:12-CV-728-H (dismissed for failure to state a claim); *Hopson v. Aguair Law Office*, 3:12-CV-771-S (same); *Hopson v. Police Dep't*, 3:12-CV-450-R (same); and *Hopson v. Berry*, 3:12-CV-706-R (dismissed on initial review for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief). The instant case also has been screened and dismissal will be entered. Initial review of his other cases has not taken place yet.

As stated above, all of the cases which have undergone initial review have been dismissed. Many of Plaintiff's suits name the same people as defendants over and over again. For example, Gary Huffman is named as a defendant in at least five of the suits; Bennie Berry is named in four suits; Ruth Ann Spencer is named in at least nine of the suits; Judge Susan Gibson is named in at least nine of the suits; Dana Cohen is named in at least four of the suits; Adam Solinger is named in at least eleven of the suits; and Judge Charles Cunningham is named in at least eight of the suits. Mr. Hopson continues to name the same Defendants and make the same allegations even after the allegations against those Defendants have been dismissed. For

---

[1] When a plaintiff proceeds *in forma pauperis*, the complaint is screened before it is served on the defendants. If the Court finds that it is frivolous, malicious, fails to state a claim or seeks monetary relief from immune defendants, the suit is dismissed without service on the defendants. 28 U.S.C. § 1915(e).

2

example, in 3:12-CV-505-S, on September 4, 2012, the Court dismissed claims against, *inter alia*, Judges Gibson and Cunningham because they are immune from relief and because this Court will not interfere with Hopson's ongoing state-court criminal matters. Yet, Hopson has named Judge Gibson in no less than seven cases since the Court dismissed his claims against her.

Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious

litigation.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811.  A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*.  *See, e.g., Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992).  The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . . ."  *Maxberry*, 879 F.2d at 224*; see also In re McDonald*.

Mr. Hopson has a history of unsubstantial and vexatious litigation in this Court.  His submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases.  The sheer number of Mr. Hopson's baseless and duplicative complaints evidences his bad faith and amounts to an abuse of the judicial process, including the privilege of proceeding *in forma pauperis*.  *See Riches v. Garese*, No. 08-086, 2008 WL 2475733, at *2-3 (E.D. Ky. June 18, 2008) (and cases cited therein).

Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court.  This injunctive relief has no punitive aspect and serves a purely deterrent function.  The injunction does not close the courthouse to Mr. Hopson but does impose financial consequences designed to compel Mr. Hopson to seriously consider what he

is doing before initiating yet another lawsuit. Accordingly,

**IT IS ORDERED that De'Andre Hopson is barred from proceeding *in forma pauperis* in future actions against Defendants already named in suits in this Court and on the same subject matter contained therein in the United States District Court for the Western District of Kentucky. The Clerk of Court is DIRECTED not to accept for filing any new action by De'Andre Hopson that is not accompanied by the proper filing fee. For every new action he wishes to file without paying the filing fee, he must file a motion certifying that it is a new claim raised against new Defendant(s). If the Court determines that his proposed new action is not barred by this Order it will grant his motion and direct the Clerk of Court to open a new action for Mr. Hopson.**

Date:


cc: Plaintiff, *pro se*
 United States District Court, Western District of Kentucky, all divisional offices
4412.009